Knight *v.* Abbott.

TIMOTHY C. KNIGHT v. WILLIAM ABBOTT.

*Tender.*

The defendant desiring to make the plaintiff a tender, said to him, as the plaintiff was passing by him in his wagon, "I want to tender you this money for labor you have done for me :" at the same time holding in his hand a sum of money equal to his indebtedness to the plaintiff, but naming no sum. The plaintiff made no reply, and did not stop his team, but passed on. *Held,* that this did not constitute a valid tender.

BOOK ACCOUNT. The only question raised in this case, related to the validity of a tender which the defendant claimed to have

made to the plaintiff, and in regard to which the auditors reported the following facts:

Before the commencement of the suit, the plaintiff, on one occasion, was at a saw mill in Thetford, with his team, and was about starting from there for home, when the defendant, with one Dodge, came near where the plaintiff and his team were, and said to him, as the plaintiff was passing by him, " I want to tender you this money, before Mr. Dodge, for labor you have done for me" (at the same time holding in his hand thirty-five dollars and fifty cents). The plaintiff said nothing in reply, but proceeded along with his team. The defendant then handed the money to Dodge, who counted it and told the defendant it amounted to thirty-five dollars and fifty cents, but no sum was mentioned until after the plaintiff had gone. The auditors also reported certain facts bearing upon the question, whether the tender (if one had been made) was afterwards kept good, but, as, under the decision of the court, these facts are not material, they are not reported. The amount due the plaintiff from the defendant, the auditors reported to be less than thirty-five dollars and fifty cents.

The county court adjudged the tender sufficient, and rendered judgment for the defendant. Exceptions by the plaintiff.

*C. W. Clarke*, for the plaintiff, cited 2 Greenleaf's Evidence, 602; *Alexander* v. *Brown*, 1 Car. & P. 288; *Leatherdale* v. *Sweepstone*, 3 Car. &. P. 342.

*A. Howard, Jr.* and *A. M. Dickey*, for the defendant, cited *Curtiss* v. *Greenback*, 24 Vt. 536; *Morton* v. *Wells*, 1 Tyler 381.

The opinion of the court was delivered by

BENNETT, J. We think no valid tender was made. It seems all that was done was that the defendant remarked to the plaintiff, as the latter was passing by him, " I want to tender you this money before Mr. Dodge (at the same time holding in his hands thirty-five dollars and fifty cents), for labor you have done for me," but the plaintiff kept along with his team, making no reply. The defendant named no sum which he wished to tender, nor the amount he held in his hands, although it appeared subsequently that he had

thirty-five dollars and fifty cents in his hands. It was for the defendant to make out affirmatively that he made a legal tender. The plaintiff was under no obligation to stop his team to make inquiries, or to have a sum of money tendered him; and unless the defendant specified the amount which he wished to tender, the plaintiff could not determine as to the sufficiency of the sum, and no refusal by the plaintiff to receive any specific sum of money, could be predicated upon such an offer as the case shows was made. All that the case legally shows, is an intention on the part of the defendant, or rather a willingness, to make a tender. If no tender was made at the time suggested, there is no occasion to inquire about its being kept good.

The judgment of the county court is reversed, and judgment for the plaintiff, for the sum reported by the auditors, and interest.